IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 1, 2020

## CHURCH OF GOD IN CHRIST, INC., ET AL. v. L.M. HALEY MINISTRIES, INC., ET AL.

### Appeal from the Chancery Court for Shelby County
### No. CH-17-1831     Jim Kyle, Chancellor

_____

### No. W2019-01411-COA-R3-CV
_____

This appeal concerns a dispute over church property. David A. Hall ("Bishop Hall"), a bishop with The Church of God in Christ, Inc. ("COGIC"), tried to assert control over New Jerusalem Church of God in Christ ("New Jerusalem Church"), a COGIC member church, but was blocked by parties opposed to his pastorate. Bishop Hall, COGIC and New Jerusalem Church ("Plaintiffs," collectively) sued these opponents ("Defendants," collectively) in the Chancery Court for Shelby County ("the Trial Court"). Plaintiffs later filed a motion for summary judgment, which the Trial Court granted. Defendants appeal. Defendants argue, among other things, that under the ecclesiastical abstention doctrine, the Trial Court and this Court lack subject matter jurisdiction to adjudicate this dispute. However, we find this case amenable to resolution under the hybrid neutral-principles approach articulated by our Supreme Court in a factually similar case. The undisputed material facts show that New Jerusalem Church's property is held in trust for COGIC and that Bishop Hall is the duly appointed Jurisdictional Bishop with rights of pastor at New Jerusalem Church. Plaintiffs are entitled to summary judgment. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which ANDY D. BENNETT and CARMA DENNIS MCGEE, JJ., joined.

Dewun R. Settle, Memphis, Tennessee, for the appellants, Lonnie M. Haley, III, Jeremiah R. Haley, Dwight C. Haley, Jacqueline K. Haley, L.M. Haley Ministries, Inc., New Jerusalem Church Memphis, Inc., and Ulysses C. Polk.

Darrell J. O'Neal, Memphis, Tennessee, for the appellees, Church of God in Christ, Inc., David A. Hall, and New Jerusalem Church of God in Christ.

# OPINION

## Background

New Jerusalem Church, the subject church, is located at 2711 Ketchum Road in Memphis, Tennessee. In October 2009, L.M. Haley, Jr., who served as Pastor for many years, died. New Jerusalem Church was a member of the Tennessee Headquarters Ecclesiastical Jurisdiction ("THEJ") of COGIC. Upon Pastor Haley's death, Bishop J.O. Patterson, Jr., the Jurisdictional Bishop of THEJ, personally assumed the pastorate of the church rather than appoint a successor pastor. Bishop Patterson served in that position until his death in 2011. The position of Jurisdictional Bishop of THEJ then went vacant temporarily. During this time, certain members of New Jerusalem Church began to consider leaving THEJ to affiliate with the Tennessee Eastern First Ecclesiastical Jurisdiction of COGIC. A majority vote taken in October 2011 purported to change New Jerusalem Church's jurisdictional affiliation.

In November 2011, Bishop Hall was appointed to fill the vacancy at THEJ. Upon his consecration, Bishop Hall tried to assert control over New Jerusalem Church. However, the dissenting members asserted that they no longer submitted to the authority of THEJ or Bishop Hall. This sparked an internal process within the church hierarchy. On November 23, 2013, an Ecclesiastical Council of THEJ issued a judgment confirming Bishop Hall's authority and excommunicating a number of those members in opposition. This internal church dispute would spill over into litigation.

In December 2017, Plaintiffs filed their Complaint for Injunction, Accounting and Damages against Defendants in the Trial Court. Plaintiffs alleged that Bishop Hall was the lawful pastor of New Jerusalem Church, and that Defendant L.M. Haley Ministries, Inc., by and through the other named Defendants, unlawfully had assumed control of the church's property, funds and records. Plaintiffs alleged further that Defendants' vote to change jurisdictions was conducted improperly, and that one or more of Defendants had filed a corporate charter for New Jerusalem Church Memphis, Inc. with the Tennessee Secretary of State. Plaintiffs requested that the Trial Court restructure the deed to New Jerusalem Church to reflect that it was held in trust for the use and benefit of its members subject to the laws of COGIC. The Complaint was supported by the sworn affidavit of Bishop Hall. Exhibit B to the complaint was a 1999 Warranty Deed reflecting that L.M. Haley, Frank Vann, Douglas Smith, and Theldridge L. Haley, Trustees of and for New Jerusalem Church of God in Christ Ministries, owned the property located at 2711 Ketchum Road.

In their complaint, Plaintiffs cited certain COGIC governing documents. Part III, Section A. The Local Church. 8 of the Official Manual and Constitution of COGIC

provides: "The Pastor of a local church shall be appointed by the Jurisdictional Bishop of the Ecclesiastical Jurisdiction of the Church." The provision was modified to state:

> All vacancies that occur in the pastorate of the local church shall be filled by the Jurisdictional Bishop. The supervision and management of the church shall remain with the Jurisdictional Bishop or his designee until such time as a pastor has been appointed to fill such vacancy. Page 45, Par. 17, 1968-1990 Certified and Proposed Amendments & Publications.

Plaintiffs cited also to Part I, Article III, Section D. 9 of the Official Manual and Constitution of COGIC, which provides as follows:

> Real Estate or other property may be acquired by purchase, gift, devise, or otherwise by local churches. Where real or personal property is acquired by deed, the instrument of conveyance shall contain the following clause to-wit:

> The said properties is held in trust for the use and benefit of the members of the Church of God In Christ with National Headquarters in the City of Memphis, Shelby County, Tennessee, and subject to the Charter, Constitution, Laws and Doctrines of said church, now in full force and effect, or as they may be hereafter amended, changed, or modifie[d] by the General Assembly of said Church.

In March 2018, Defendants filed a motion to dismiss. In their motion, Defendants challenged Bishop Hall's standing to sue in his individual capacity, which he had done "for the use and benefit" of COGIC. Defendants stated further that "[i]t should be noted that there is no indication that this matter has been approved by the General Counsel for COGIC whose stated duties include participation in and selecting counsel for representation in all matters regarding COGIC."

In July 2018, Plaintiffs filed a motion for summary judgment and statement of undisputed material facts. In their memorandum of law, Plaintiffs cited our Supreme Court's opinion in *Church of God in Christ, Inc. v. L.M. Haley Ministries, Inc.*, 531 S.W.3d 146 (Tenn. 2017) to support their position that New Jerusalem Church property is held in trust for its members subject to COGIC laws and that Bishop Hall is a duly appointed bishop with rights of pastor at the church. *Church of God in Christ, Inc.* involved Bishop Hall's efforts to assert control over Gospel Center Temple, another COGIC church assigned to THEJ. He succeeded in that case. Our Supreme Court stated: "In light of our conclusion that Temple COGIC held its real property in trust for COGIC and the Ecclesiastical Council's determination, to which we must defer, that Bishop Hall was the duly appointed pastor of Temple COGIC, we conclude that the Plaintiffs are entitled to

summary judgment on their claims regarding the real and personal property of Temple COGIC." *Church of God in Christ, Inc.*, 531 S.W.3d at 173.

In March 2019, Plaintiffs filed their "additional statement of undisputed facts," relying on the affidavit of General Secretary and Bishop Joel H. Lyles, Jr., Secretary for the General Assembly and of COGIC. Bishop Lyles stated that Bishop Hall is the Jurisdictional Bishop for THEJ. Attached to Bishop Lyles' affidavit were several exhibits. Exhibit 5 to the affidavit was the November 2013 judgment of the Ecclesiastical Council, which reads, in part, as follows:

> 2. The Respondents took over the operation of New Jerusalem Temple Church Of God In Christ and refused to acknowledge that Bishop David Allen Hall, Sr., was the duly appointed Jurisdictional Bishop over New Jerusalem Temple Church Of God In Christ and that, in the absence of the appointment of a Pastor, Bishop Hall has the rights, duties and obligations of its Pastor, as provided in Part III, Section A.8 of the Official Manual and Constitution of the Church Of God In Christ, Inc.
>
> 3. The Respondents and others caused an election of Trustees to be held without proper notice to the membership, at which time they unconstitutionally elected Lonnie Haley, Ill, Jacqueline Haley and Dwight Haley, as the new Trustees for the New Jerusalem Temple Church Of God In Christ.
>
> 4. Further the above named person(s) and others have changed the church doors locks, locking out the members without the permission of the pastor, causing interruption of service, as well as confusion and bad feelings among the membership.
>
> 5. The deed to the Church's real property located in Shelby County, Tennessee, should be reformed and the deed should read that:
>
> "The said property is held in trust for the use and benefit of the members of the Church Of God In Christ with National Headquarters in the City of Memphis, Shelby County, Tennessee, and subject to the Charter, Constitution, Laws and Doctrines of said Church, now in full force and effect, or as they may be hereafter amended, changed or modifie[d] by the General Assembly of said Church."
>
> 6. The Respondents filed a corporate charter for New Jerusalem Church at Memphis, Inc. with the Tennessee Secretary of State on December 16, 2011. Based upon actions taken in Fayette County by some of these above named individuals and others, Bishop David Allen Hall, Sr. and the above complainants alleges, upon information and belief, that the above named individuals intend to record a Quit Claim Deed transferring the Church's real property to this new corporation.

***

11. The Respondents persistently and repeatedly violated the Official Manual of the Church Of God In Christ, Inc., as to its polity, including but not limited to, Bishop Hall's authority as Pastor over a local church and the appointment of a Pastor during vacancies….

***

2. It is the judgment of this Ecclesiastical Council that:

(a) The Respondents be, and they are hereby, excommunicated as members of the New Jerusalem Temple Church Of God In Christ and Church Of God In Christ, Inc.

(b) New Jerusalem Temple Church Of God In Christ shall be reorganized under the Pastoral leadership of Bishop David Allen Hall, Sr., Sr.

(c) The personal property of New Jerusalem Temple Church Of God In Christ, including cash, bank accounts, records and the like, shall be turned over to Bishop David Allen Hall, Sr., Sr., who shall hold the same in trust for New Jerusalem Temple Church Of God In Christ.

(d) The real property of New Jerusalem Temple Church Of God In Christ shall be held in trust as follows:

The said property is held in trust for the use and benefit of the members of the Church Of God In Christ with National Headquarters in the City of Memphis, Shelby County, Tennessee, and subject to the Charter, Constitution, Laws and Doctrines of said Church, now in full force and effect, or as they may be hereafter amended, changed or modifie[d] by the General Assembly of said Church.

And, under the direction of Bishop David Allen Hall, Sr., Sr., all property deeds shall be conformed, re-executed and recorded to reflect the same.

According to Bishop Lyles' affidavit, "[t]he Jurisdictional Bishop shall execute the orders and decrees of the Ecclesiastical Council."

In April 2019, Defendants filed an answer to Plaintiffs' complaint. Also in April 2019, Defendants filed their response to Plaintiffs' motion for summary judgment. Defendants asserted that "Plaintiffs make the assumption in their Motion that COGIC is the owner of said property without providing any evidence of title, or any complete analysis or affirmation as to whether or not the property is owned by a Local Church, or an organization that can be defined as a Local Church pursuant to the pertinent sections of the COGIC Official Manual." Defendants stated further: "Defendants contend that Plaintiffs'

motion is not sufficient to allow the Court to make the aforementioned conclusions without either engaging extensively in the ecclesiastical polity of COGIC, or making unsubstantiated assumptions of the facts in this case.…" In addition, Defendants asserted that "Defendants are currently seeking appeal to the Judiciary Council of the TNHEC's ruling and have retained representation to proceed with their appeal."

Defendants disputed certain of Plaintiffs' material facts. For instance, Defendants stated: "The aforementioned entity [New Jerusalem Church] was never established as the Local Church pursuant to the … Constitution Article III, Part II Section D. Rather, it was a separate legal entity established for the purposes set forth in its Charter and By-Laws." Defendants also disputed Plaintiffs' characterization of New Jerusalem Church's jurisdictional status, stating: "Defendants have contended that the New Jerusalem Church has lawfully transferred its membership to the Tennessee Eastern First Ecclesiastical Jurisdiction..." However, Defendants did not specifically dispute or otherwise contend with Bishop Lyles' affidavit.

In July 2019, the Trial Court entered an order granting summary judgment to Plaintiffs. In its order, the Trial Court reviewed the Warranty Deed for New Jerusalem Church and the judgment of the Ecclesiastical Council, as well as our Supreme Court's ruling in *Church of God in Christ, Inc*. The Trial Court stated, in part:

> Plaintiffs contend that like *Church of God in Christ, Inc., et al, v. L.M. Haley Ministries, Inc.* 531 S.W.3d 146 (Tenn. 2017), they are only asking this Court to enforce the Church of God in Christ's ruling under hierarchical deference rule. *Church of God in Christ, Inc., et al, v. L.M. Haley Ministries, Inc.* 531 S.W.3d 146 (Tenn. 2017) (citing *Watson v. Jones*, 443 U.S. at 602). Defendants contend that Plaintiffs have failed to exhaust all administrative remedies, and they need more time [to] explore this issue. Regardless of whether the Plaintiffs exhausted all administrative remedies, or they failed to follow COGIC policy, the Court is not authorized to look behind the decision or procedures of COGIC. Moreover, as Plaintiffs contend, this is a mirror issue that the Supreme Court has ruled on. *Id.* Thus, this Court will grant the Plaintiffs' Motion for Summary Judgment. The property located at 2711 Ketchum Road will be turned over to Bishop David Hall immediately. All personal property, checks and bank accounts of New Jerusalem Church of God In Christ will be turned over to Bishop David Hall immediately. This Court will hold a hearing to determine a final accounting unless the Parties can agree.

In August 2019, Defendants filed their "motion for relief pursuant to rule 59 of the Tennessee Rules of Civil Procedure." Defendants reasserted many of their previous

arguments. In September 2019, the Trial Court entered an order denying Defendants' motion. In February 2020, the Trial Court entered an order finding that an accounting had been made and the church funds held at First Tennessee Bank had been interpleaded with the Clerk & Master of the Trial Court where they would remain pending final resolution of the case. The Trial Court denied Plaintiffs' request for an award of attorney's fees and certified judgment as final pursuant to Tenn. R. Civ. P. 54.02. Defendants timely appealed to this Court.

## **Discussion**

Although not stated exactly as such, Defendants raise the following issues on appeal: 1) whether the Trial Court lacked subject matter jurisdiction to adjudicate this case under the ecclesiastical abstention doctrine; 2) whether genuine issues of material fact exist to preclude summary judgment in favor of Plaintiffs; and, 3) whether necessary parties were not before the Trial Court.

As our Supreme Court has instructed regarding the standard of review on motions for summary judgment:

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); *see also Abshure v. Methodist Healthcare– Memphis Hosp.*, 325 S.W.3d 98, 103 (Tenn. 2010). In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied. *Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013) (citing *Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 471 (Tenn. 2012)).

*Rye v. Women's Care Cntr. of Memphis, MPLLC,* 477 S.W.3d 235, 250 (Tenn. 2015).

This appeal involves a question of the applicability of the ecclesiastical abstention doctrine, which our Supreme Court has explained as follows:

> The ecclesiastical abstention doctrine, also commonly known as the "church autonomy doctrine," precludes civil courts in this country from adjudicating "questions of discipline, or of faith, or ecclesiastical rule, custom, or law" or church polity, or the internal governance of religious

organizations. This doctrine is now clearly understood as deriving from the Religion Clauses of the First Amendment to the United States Constitution.

*Church of God in Christ, Inc.*, 531 S.W.3d at 156 (footnote and citations omitted).

In *Church of God in Christ, Inc.*, the Tennessee Supreme Court examined the jurisprudence regarding church property disputes, including the United States Supreme Court case of *Jones v. Wolf*, 443 U.S. 595, 99 S.Ct. 3020, 61 L.Ed.2d 775 (1979). Ultimately, our Supreme Court adopted the hybrid neutral-principles approach:

Having reviewed prior Tennessee decisions, as well as the relevant precedent from the Supreme Court and other jurisdictions, we agree with the Court of Appeals that courts in Tennessee should apply the neutral-principles of law approach when called upon to resolve church property disputes. We also conclude that the hybrid approach is most consistent with the analysis the Supreme Court reviewed and approved as constitutionally permissible in *Jones* and also most consistent with the analysis courts in this State have previously used when resolving church property disputes. In applying the hybrid approach, Tennessee courts may consider any relevant statutes, the language of the deeds and any other documents of conveyance, charters and articles of incorporation, and any provisions regarding property ownership that may be included in the local or hierarchical church constitutions or governing documents. But under the neutral-principles approach that *Jones* approved as constitutionally permissible, and which we adopt, a civil court must enforce a trust in favor of the hierarchical church, even if the trust language appears only in the constitution or governing documents of the hierarchical religious organization. *See Jones*, 443 U.S. at 606, 99 S.Ct. 3020. This understanding of the contours of the neutral-principles approach derives from the discussion in *Jones* of the two options available to hierarchical religious organizations for ensuring that real property owned by local member churches is held in trust for the hierarchical organization. *Id*. The Supreme Court stated that deeds or corporate charters may be modified "at any time before [a property] dispute erupts ... to include a right of reversion or trust in favor of the general church." *Id*. "Alternatively," the Supreme Court explained, "the constitution of the general church can be made to recite an express trust in favor of the denominational church." *Id*. The Court described the burden required to take these steps as "minimal" and declared that civil courts would "be bound to give effect to the result indicated by the parties, provided it is embodied in some legally cognizable form." *Id*. Read in context, this passage from *Jones* contemplates two methods of establishing a trust in favor of the hierarchical religious

-8-

organization—one involving modification of civil legal documents and one involving modification of the governing documents of hierarchical religious organizations. Where a religious organization chooses the second option and includes an express trust provision in its constitution or governing documents before a dispute arises, courts in Tennessee must enforce and give effect to the trust provision, even if trust language does not appear in a deed or other civil legal document. By doing so, the neutral-principles approach will provide both hierarchical religious organizations and local member congregations the flexibility and predictability that *Jones* envisioned, allowing these organizations to decide for themselves how property disputes will be resolved *before a dispute arises*, thus avoiding contentious, painful, time consuming, and expensive litigation and minimizing the role of civil courts. *See Jones*, 443 U.S. at 603-04, 99 S.Ct. 3020.

*Church of God in Christ, Inc.*, 531 S.W.3d at 170-71 (footnote omitted, emphasis in original).

With this background in mind, we address Defendants' first issue of whether the Trial Court lacked subject matter jurisdiction to adjudicate this case under the ecclesiastical abstention doctrine. Defendants contend that this matter presents intricate questions of internal church workings such that to adjudicate them in civil court would require the court to delve impermissibly into religious affairs. In their brief, Defendants state:

The dispute herein lies with the authority Bishop Hall after New Jerusalem COGIC's decision to leave his Ecclesiastic Jurisdiction, and whether the Ecclesiastic Council in the TN Headquarters Ecclesiastic Jurisdiction has binding authority on members outside of their jurisdiction. Appellants contend that the COGIC Constitution and Bylaws do not confer such authority, while the Appellees argue that they do. The answer to these both of questions is necessary to adjudicate the matter, and both require heavy inquiry into church law, and the outcome depends heavily on the Court's interpretation of church law. This runs afoul of the separation of church and state mandated under the First Amendment.

We note that Defendants barely acknowledge our Supreme Court's opinion in *Church of God in Christ, Inc.*, citing to it only cursorily and making no attempt to distinguish it from this case. We are an intermediate appellate court, and the Tennessee Supreme Court has the final word on Tennessee law. While *Church of God in Christ, Inc.* stems from a separate case and does not contain all of the same parties, its underlying dispute mirrors that of the present case. We may not simply ignore the implications of our Supreme Court's interpretations in *Church of God in Christ, Inc.* insofar as they are

relevant to this case. With respect to our duty to abide by higher court precedents, we have stated:

> [I]ntermediate courts are not free to depart from the Tennessee Supreme Court's unequivocal holdings. "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 221 Tenn. 567, 572, 428 S.W.2d 786, 789 (Tenn. 1968) (citing *City of Memphis v. Overton*, 54 Tenn.App., 419, 392 S.W.2d 86 (Tenn. 1964) ); *Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). As such, "[o]nce the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." *Morris v. Grusin*, No. W2009-00033-COA-R3-CV, 2009 WL 4931324, at *4 (Tenn. Ct. App. Dec. 22, 2009) (quoting *Davis v. Davis*, No. M2003-02312-COA-R3-CV, 2004 WL 2296507, at *6 (Tenn. Ct. App. Oct. 12, 2004)); *see also Thompson v. State*, 958 S.W.2d 156, 173 (Tenn. Crim. App. 1997) ("[I]t is a controlling principle that inferior courts must abide the orders, decrees and precedents of higher courts. The slightest deviation from this rigid rule would disrupt and destroy the sanctity of the judicial process.") (quoting *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995)); *Levitan v. Banniza*, 34 Tenn.App. 176, 185, 236 S.W.2d 90, 95 (Tenn. Ct. App. 1950) ("This court is bound by the decisions of the Supreme Court.")

*O'Dneal v. Baptist Mem'l Hosp.-Tipton*, 556 S.W.3d 759, 772-73 (Tenn. Ct. App. 2018). Therefore, we review *Church of God in Christ, Inc.* for guidance.

In *Church of God in Christ, Inc.*, our Supreme Court deemed the matter before it to be a church property dispute amenable to adjudication in a civil court. Applying the hybrid neutral-principles approach, the High Court ruled in favor of the plaintiffs, to wit:

> Here, the allegations of the second amended complaint clearly—indeed overwhelmingly—establish the existence of a church property dispute. The second amended complaint alleges that Bishop Hall, the duly appointed pastor of Temple COGIC, was barred from entering the facility and was threatened with arrest by a law enforcement officer should he remain on the premises. Additionally, persons purportedly acting as trustees for Temple COGIC executed a quit claim deed conveying the property to the Moscow Church, an entity not affiliated with COGIC. Thus, a property dispute clearly exists requiring a civil court to determine whether Temple COGIC property was held in trust for COGIC. As in *Jones*, the deed to the disputed property does not include language creating a trust in favor of COGIC. Rather, the property was conveyed to the trustees of Temple

-10-

COGIC. Nevertheless, and also like *Jones*, the governing documents of the hierarchical church, here COGIC, includes a provision indicating that real property of local member churches "is held in trust for the use and benefit of the members of the Church of God in Christ with National Headquarters in the City of Memphis, Shelby County, Tennessee, and subject to the Charter, Constitution, Laws and Doctrines of said Church, now in full force and effect, or as they may be hereafter amended, changed or modifie[d]." This language appears not once but twice in the governing documents of COGIC. Temple COGIC agreed to be bound by COGIC's constitution and governing documents when it joined COGIC and received a COGIC membership certificate. Additionally, for many years before this dispute arose, Temple COGIC demonstrated its intent to be bound by COGIC's constitution and laws by recognizing the authority of Ecclesiastical Bishops and Pastors who were appointed pursuant to COGIC's constitution and laws. Accordingly, applying the hybrid neutral-principles approach, we conclude that Temple COGIC's real property was held in trust for COGIC.

As in *Jones*, the second question that must be answered in this appeal is which faction of Temple COGIC constitutes the faction entitled to the possession and use of the property that is held in trust for COGIC. The Defendants argue that this is an ecclesiastical question beyond the jurisdiction of civil courts to decide because it requires a determination of whether Bishop Hall is the duly appointed pastor of Temple COGIC. The Plaintiffs agree that whether Bishop Hall is the duly appointed pastor of Temple COGIC is an ecclesiastical question that civil courts may not answer. However, the Plaintiffs point out that this question has already been resolved by the Ecclesiastical Council's judgment and that civil courts need only defer to this binding and final judgment of the Ecclesiastical Council when resolving the underlying church property dispute. We agree with the Plaintiffs.

Again, *Jones* teaches that a court may constitutionally apply the neutral-principles approach to resolve a property dispute so long as the civil court avoids deciding ecclesiastical matters and defers to the resolution of issues of religious doctrine or polity by the highest court of the hierarchical church. *Jones*, 443 U.S. at 602, 99 S.Ct. 3020. An Ecclesiastical Council of COGIC has determined that Bishop Hall was at all times relevant to this appeal the duly appointed pastor of Temple COGIC. Our role is simply to defer to this determination in resolving this appeal. *Id*.; *see also Hosanna-Tabor*, 565 U.S. at 185, 132 S.Ct. 694 ("Our decisions in that area confirm that it is impermissible for the government to contradict a church's

-11-

determination of who can act as its ministers."). It is undisputed that, as the duly appointed pastor of Temple COGIC, Bishop Hall had the right to use and exercise control over the real property and to administer and supervise the personal property of Temple COGIC.

*Church of God in Christ, Inc.*, 531 S.W.3d at 172-73.

The crucial similarities of *Church of God in Christ, Inc.* to the present case are apparent. Here, Plaintiffs allege that Bishop Hall is the duly appointed Jurisdictional Bishop with rights of pastor at New Jerusalem Church. Plaintiffs allege also that Defendants interfered with Bishop Hall's management of church property, funds and records. "Property, funds and records" all signify secular matters that this Court can address. They are not issues of faith. Our inquiry does not touch upon the religious aspects of the parties' conflict, which are beyond our purview. Rather, this dispute is about property and who it belongs to. We have been shown nothing that distinguishes this case from *Church of God in Christ, Inc.*

Along those lines, we disagree with Defendants that the alleged complexity of COGIC hierarchy precludes civil courts from deciding this case. As our Supreme Court observed, "states have an 'interest in the peaceful resolution of property disputes, and in providing a civil forum where the ownership of property can be determined conclusively.'" *Church of God in Christ, Inc.*, 531 S.W.3d at 172 (quoting *Jones*, 443 U.S. at 602, 99 S.Ct. 3020). The state has no less an interest in the peaceful resolution of property disputes involving churches with a complex hierarchical structure than it has for churches with a simple hierarchical structure, or none at all. The Trial Court was correct to decline Defendants' request that it refrain from adjudicating this church property dispute under the ecclesiastical abstention doctrine.

We next address whether genuine issues of material fact exist to preclude summary judgment in favor of Plaintiffs. On this issue, Defendants argue, in part:

The record further shows that the Local Church is afforded the right to transition from one Ecclesiastical Jurisdiction to another by majority vote. This, again, shows that the Local Church is afforded autonomy with regards to which Jurisdiction has control over it. This autonomy includes the right to choose which Jurisdictional Bishop controls the members, and would suggest that the Local Church is congregational with regards to control. The church body itself decides who to submit to by choosing to affiliate with the jurisdiction of their choice. This supports the Appellants' assertion that Bishop Hall does not have authority over New Jerusalem. Thus, if taken as true, these facts would negate enforce [sic] the rulings from the Ecclesiastical

Council, and the Trial Court instead would have to uphold the majority decision to transfer jurisdictions. By granting the Plaintiffs summary judgment, the trial court failed to consider these material disputes, and thus acted in error.

Our Supreme Court in *Church of God in Christ, Inc.* discussed the relationship between COGIC and its member churches,[1] and how the governing documents of COGIC include a provision reflecting that real property of local member churches is held in trust for the use and benefit of the members of COGIC subject to that organization's laws. Under the hybrid neutral-principles approach articulated by our Supreme Court, civil courts may consider governing documents in deciding church property disputes. Nevertheless, Defendants contend that they voted to leave THEJ to affiliate with another jurisdiction, and thus THEJ and Bishop Hall no longer have any authority over their church. The problem with Defendants' contention is that the record contains no support for it. Only in a conclusory manner do Defendants dispute the evidence presented by Plaintiffs. Defendants did not contest Bishop Lyles' affidavit outlining church trial procedure with its multiple exhibits. Defendants have presented no evidence either to contradict the November 2013 Ecclesiastical Council ruling or cause us not to defer to that body in COGIC's hierarchical structure. Defendants have presented no contrary ruling by a comparable COGIC body that might necessitate a factual determination by a trier of fact as to the status of Bishop Hall or the rightful disposition of church property. That extends to any question as to New Jerusalem Church's jurisdictional affiliation. Absent such evidence, we, like the Trial Court and our Supreme Court in *Church of God in Christ, Inc.*, defer to the Ecclesiastical Council's ruling. Given all of this, there is no dispute of material fact necessitating trial.

The third and final issue we address is whether necessary parties were not before the Trial Court. Defendants state that "either [Bishop Hall] represents his individual interests or he's acting as the representative for the benefit of the Church Of God In Christ," and "Bishop Hall cannot represent a corporate entity [COGIC] because the corporation is an entity unto itself." We note that in *Church of God in Christ, Inc.*, the operative second amended complaint was filed by COGIC, Bishop Hall, individually and on behalf of Temple COGIC, and Temple COGIC, by and through its duly appointed trustee, John Arnett. Here, Plaintiffs are COGIC, Bishop Hall individually and for the use and benefit of COGIC, and New Jerusalem Church. As in *Church of God in Christ, Inc.*, the same attorney represents all of the plaintiffs. The core of the complaint is the same—that Bishop Hall is being blocked from exercising the rights of pastor with regard to certain church property held in trust for COGIC. Bishop Hall thus has standing to bring this lawsuit, and

---

[1] "COGIC has adopted a hierarchical structure of governance for its member churches." *Church of God in Christ, Inc.*, 531 S.W.3d at 150 (footnote omitted).

-13-

we find nothing improper with Plaintiffs' method of representation. This issue is without merit. We affirm the judgment of the Trial Court in its entirety.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellants, Lonnie M. Haley, III, Jeremiah R. Haley, Dwight C. Haley, Jacqueline K. Haley, L.M. Haley Ministries, Inc., New Jerusalem Church Memphis, Inc., and Ulysses C. Polk, and their surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE